Rule accordingly.

---

In the matter of the Attachment of PETER H. TITUS et al. vs. JOSEPH A. KENT and others.

A non-resident debtor may compel trustees to appoint referees, under and in pursuance of the 1t9h and several succeeding sections of the R. S., p. 800, i., in order to contest the validity of the debts presented and claimed against him by attaching creditors.

*Motion on behalf of Joseph A. Kent for a mandamus commanding or requiring the trustees of the estate of Walter P. Clark, Loomis Palmer, Silas Crane and Joseph A. Kent, non-resident debtors to appoint or nominate and have appointed, in the manner prescribed by statute, referees, to hear and determine the controversy which has arisen between the said Joseph A. Kent, whose property has been attached, and the said trustees, as to the indebtedness of the said Kent to said Titus et al., on whose behalf said attachment was issued, or his liability for the debt claimed by the said attaching creditors or any part thereof.*—It appears on the part of said Kent, that an attachment was issued by F. P. Stevens, Esq., a judge of Erie Common Pleas, on or about the 29th day of August, 1843, in favor of Peter H. Titus and Wm. H. Titus of the city of New York, against said Joseph A. Kent, a non resident debtor, impleaded with Walter P. Clark, Loomis Palmer and Silas Crane. That the attachment was issued for a claim or pretended claim, as sworn to in the affidavits on which said attachments issued, of $7,482·20, against the defendants as partners. The sheriff on that attachment seized merchandise belonging to said Kent alone, at Buffalo, on its way to Michigan, which was appraised at $1,500. The said Kent denied that he was ever a partner of said Clark, Palmer & Crane, or in any way indebted to said attaching ceditors, but was unable to obtain security to give a bond to double the amount of said alleged indebtedness. On the 10th July, 1844, said judge

appointed three trustees in the said matter. Some time between the 26th day of July, and the 16th of August, 1844, the said judge made a report of his proceedings and filed same. Said Kent with an intention of trying the question of his liability for the alleged demand, on the 3d of October, 1844, caused notice to be served upon the attorney for said attaching creditors, and upon each of the trustees, denying his indebtedness to the attaching creditors, either individually or jointly with the aforesaid firm, and that he was ready to appoint referees, either amicably or otherwise, in the mode pointed out by statute. On the 14th December, 1844, the trustees declined to appoint referees, giving as a reason that this case was not one where the debtor had a right to contest his liability and have it tried by referees. It appears on the part of the trustees, that a few days after the said property was attached, the most of it was replevied from the sheriff by certain persons in New York city other than the said nonresident debtors, who claim to own the same, and the replevin suits are now in course of litigation and undetermined. The creditors insist that the nonresident debtor can not avail himself of the following provision (1 *R. S., page* 800, § 19, 2*d ed.*): "If any controversy shall arise between the trustees and any other person in the settlement of any demands against such debtor or of debts due to his estate, the same may be referred to three different persons, who may be agreed upon by the trustees and the party with whom such controversy shall exist, by a writing to that effect signed by them," because the trustees represent him and all his interests in the matter. It applies to *third persons* the creditors of the nonresident debtor " who have a controversy with the trustees in the settlement of any demands against the debtor. The object of the motion is to allow the debtor himself to compel his trustees to refer it to referees to see whether he in fact owed the debt to the attaching creditors on which the attachment issued. It is insisted on behalf of said Kent that this court have jurisdiction. And that the trustees have power to adjudicate in this matter.

M. FILLMORE, *Counsel for Kent.*     S. G. HAVEN, *Atty for Kent.*

W. H. GREENE, *Counsel for Att Cr.*  W. H. GREENE, *Atty for Att Cr.*

By the court, NELSON, Chief Justice.—We are all inclined to think that the statute is broad enough to enable the nonresident debtor to contest the validity of the debts presented and claimed against him under and in pursuance of the 19th and several succeeding sections of the statute (1 *R. S., p* 800, *i.*). The propriety and justice of such a construction, if fairly within the language, is manifest. The grossest frauds and

impositions might be practiced, unless an opportunity is, in some way, afforded to contest pretended claims before the trustees. The non-resident debtor is most deeply interested in the question. Mandamus allowed.

Rule accordingly.